FILED

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
ROBERT S. BEALL, Cal. Bar No. 132016
  rbeall@sheppardmullin.com
SHANNON Z. PETERSEN, Cal. Bar No. 211426
  spetersen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:  (714) 513-5100
Facsimile:   (714) 513-5130

11 JAN 14 PM 4: 11

CLERK U S DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Attorneys for Defendants
WASHINGTON MUTUAL MORTGAGE
SECURITIES CORPORATION and WAMU ASSET
ACCEPTANCE CORPORATION

*Additional counsel listed in signature block*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY R. PEEL AND CHERYL G. PEEL, RUSS BEBOUT, MICHAEL SANFORD AND MARILYN SANFORD and DESIREE MCILRATH on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>BROOKSAMERICA MORTGAGE CORPORATION; WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION; WAMU ASSET ACCEPTANCE CORPORATION; RESIDENTIAL FUNDING COMPANY LLC,<br><br>          Defendants. | Case No. SACV11-00079 JVS (RNBx)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION (CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(d))**<br><br>Removed from Orange County Superior Court Case No.: 30-2010-00348134 |

NOTICE OF REMOVAL

Defendant Washington Mutual Mortgage Securities Corporation ("WMMSC"), through its undersigned counsel, hereby gives notice of its removal of the above-captioned action, Case No. 30-2010-00348134, currently pending in the Superior Court of California, County of Orange (the "Action"), to the United States District Court for the Central District of California, Southern Division. Removal is based on 28 U.S.C. § 1332, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA") and authorized by 28 U.S.C. §§ 1441 and 1453. As grounds for removal, WMMSC states as follows:

I.    **BACKGROUND.**

1.    This is a putative class action challenging so-called Option ARM loans made by defendant BrooksAmerica Mortgage Corporation ("BrooksAmerica") or sold to or owned by WMMSC, defendant WaMu Asset Acceptance Corporation ("WAAC"), or defendant Residential Funding Company LLC ("RFC").

A.    **Previous Federal Court Action.**

2.    This is not the first lawsuit filed by plaintiffs Timothy and Cheryl Peel (the "Peels") against BrooksAmerica challenging their Option ARM loan. On January 16, 2008, the Peels filed a putative class action against BrooksAmerica in the Central District of California (the "Previous Federal Court Action") challenging Option ARM loans based on the same facts, predicated upon the same theories, and raising nearly the same claims. *See Peel v. BrooksAmerica Mortg. Corp.*, Case No. 8:08-cv-00049-JVS-MLG. As discussed in detail. That lawsuit was dismissed twice, once by Judge James V. Selna on February 9, 2009, and the second time voluntarily on January 7, 2010. *See Peel v. BrooksAmerica Mortg. Corp.*, Case No. 8:08-cv-00049-JVS-MLG (Dkt. Nos. 53, 78.) WMMSC, WAAC, and RFC were not named as defendants in the Previous Federal Court Action.

1

**B.**     **The State Court Action.**

3.     Less than a month after voluntarily dismissing the Previous Federal Court Action, on or about February 5, 2010, the Peels, on behalf of themselves and purportedly on behalf of a putative California class of similarly situated borrowers of BrooksAmerica, filed a Class Action Complaint ("Complaint") with the Clerk of the Superior Court of California, County of Orange.  The Action was assigned Case No. 30-2010-00348134.   The Complaint did not name WMMSC, WAAC, or RFC as defendants.

4.     On October 20, 2010, the Peels filed a First Amended Complaint ("FAC"), adding Russ Bebout ("Bebout"), Michael and Marilyn Sanford (the "Sanfords"), and Desiree McIlrath ("McIlrath") (collectively, the Peels, Bebout, the Sanfords, and McIlrath are the "Plaintiffs").

5.     The FAC added WMMSC, WAAC, and RFC as defendants, and it was the first complaint in the Action or the Previous Federal Court Action to name any of those three entities as defendants.

6.     The FAC was served on WMMSC and WAAC on December 16, 2010, and the FAC was served on RFC on December 15, 2010.

7.     The FAC purports to assert claims against Defendants for fraudulent omissions, violation of all three prongs of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and for breach of contract.

8.     Plaintiffs' claims arise out of four mortgage transactions – one involving the Peels, Bebout, the Sanfords, and McIlrath, respectively, and BrooksAmerica. (Exs. 1-4 to FAC.)  Plaintiffs allege the Peels' loan was sold to either WMMSC or WAAC, and that Bebout's, the Sanfords', and McIlrath's respective loans were sold to RFC. (FAC paras. 3-6.)

9.     Each Plaintiff is, "and at all times relevant to [the FAC]," has been a resident of California. (*Id.* paras. 3-6.)

NOTICE OF REMOVAL

10.     Plaintiffs allege BrooksAmerica is a California corporation with its principal place of business in California. (*Id*. para. 7.)

11.     WMMSC is a Delaware corporation with its principal place of business in Washington. (FAC para. 9; Declaration of Jei Nagamatsu, para. 2 ("Nagamatsu Decl."; attached as Ex. A).) Therefore, WMMSC is a citizen of Delaware and Washington, and no other state. 28 U.S.C. § 1332(c)(1).

12.     WAAC is a Delaware corporation with its principal place of business in Washington. (FAC para. 9; Nagamatsu Decl., para. 3.) Therefore, WMMSC is a citizen of Delaware and Washington, and no other state. 28 U.S.C. § 1332(c)(1).

13.     Plaintiffs allege RFC is a Delaware limited liability company with its principal place of business in Minnesota. (FAC para. 10.) Thus, for purposes of diversity jurisdiction under CAFA, RFC is a citizen of Delaware and Minnesota, and no other state. 28 U.S.C. § 1332(d)(10).

## II.     THIS COURT HAS JURISDICTION OVER THIS ACTION UNDER THE CLASS ACTION FAIRNESS ACT.

### A.     CAFA is Applicable to This Action.

14.     Pursuant to 28 U.S.C. § 1332, as amended by CAFA, a putative "class action" commenced after February 18, 2005 – the effective date of CAFA – may be removed to the appropriate United States District Court if (1) any member of the putative class is a citizen of a state different from any defendant, and (2) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A).

15.     CAFA is applicable to the Action because the Action was commenced on or about February 5, 2010, after the effective date of the Act. See Notes to 28 U.S.C. §§ 1332, 1453 ("The amendments made by this Act shall

apply to any civil action commenced on or after the date of enactment of this Act [February 18,2005]"), citing Pub. L. 109-2, 8 9, 119 Stat. 14.

16.    In addition, the Action is a "class action" within the meaning of CAFA because it is filed under California Code of Civil Procedure § 382 (FAC para. 58) – California's analog to Federal Rule of Civil Procedure 23 and a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(l)(B), 1453(a).

**B.    The Citizenship of The Parties is Diverse Under CAFA.**

17.    The requisite diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2) and (d)(7).

18.    WMMSC and WAAC are citizens of Delaware and Washington. (FAC para. 9; Nagamatsu Decl. paras. 2, 3.)

19.    Plaintiffs allege RFC is a citizen of Delaware and Minnesota.  (FAC para. 10.)

20.    Plaintiffs are, upon information and belief, citizens of the state of California, and seek to represent a class of California residents.  (FAC paras. 3-6, 57.)

21.    Thus, based upon Plaintiffs' own allegations, it is evident that three defendants are citizens of states different from at least one class member (California). The diversity of citizenship requirement of 28 U.S.C. $ 1332(d)(2) and (d)(7) is thus met.

**C.    The CAFA Amount in Controversy Requirement is Met.**

22.    Although Plaintiffs do not plead a specific damages amount, there is more than $5,000,000 in controversy in this action.

23.    Under 28 U.S.C. § 1332(d), as amended by CAFA, the amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6).

24.    While WMMSC denies that Plaintiffs or any putative class member are entitled to recover any amount, and specifically deny that Plaintiffs or any putative class member are entitled to the relief in the various forms sought, given the FAC's allegation of a California statewide class of thousands of individuals and the relief sought, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

25.    Plaintiffs purport to sue on behalf of themselves and "[a]ll individuals who, from January 16, 2004 through the date that notice is mailed to the Class, have or had an Option ARM loan on their home located in the State of California . . . that was (1) originated by BrooksAmerica; or (2) sold to or owned by WMMSC, WAAC or RFC."  (FAC para. 57.)  Thus, Plaintiffs' putative class includes not only all Option ARM loans originated by BrooksAmerica in California during the Putative Class Period, but also all Option ARM loans in California held by WMMSC, all Option ARM loans in California held by WAAC, and all Option ARM loans in California held by RFC.

26.    Plaintiffs further allege that this putative class is "so numerous that their individual joinder is impracticable" and that the putative class "consists of thousands of citizens and residents of California." (*Id.* para. 59.)

27.    As relief in this lawsuit, Plaintiffs plead that they and the putative class are entitled to actual damages, compensatory damages, consequential damages, punitive damages, unjust enrichment, restitution, "restitutionary disgorgement of all profits obtained by Defendants as a result of their unfair competition," interest, declaratory relief, injunctive relief, and attorneys' fees and costs.  (FAC *ad damnum* clause.)  These amounts, as a matter of law, all count toward the jurisdictional amount.  28 U.S.C. § 1332(d)(6); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) ("a reasonable estimate of fees likely to be incurred to resolution" counts toward the amount in controversy).

NOTICE OF REMOVAL

28.   WMMSC's research reveals that it held 29,375 Option ARM loans secured by property located in California that were originated on or after January 16, 2004 and the date of the filing of this lawsuit (the "Putative Class Period"). (Nagamatsu Decl. para. 4.) Using this figure, the aggregate amount of the various forms of damages, disgorgement of profits and attorneys' fees sought on behalf of each class members would need to be less than $170.22 on average per loan for the $5,000,000 jurisdictional threshold to be met, taking into account WMMSC alone. There is more than $170.22 on average, per loan, at issue in this case.

29.   As just one category of damages, Plaintiffs seek to recover the amount of increases to their and all putative class members' loan balances resulting from negative amortization.  (FAC paras. 1, 93, *ad damnum* clause.) Plaintiffs allege they "have suffered injury and lost money and property, including but not limited to the amount of negative amortization resulting from Defendants' scheme."  (*Id.* para. 93.)   This category alone well exceeds the $5,000,000 jurisdictional threshold without consideration of any of the other forms of relief Plaintiffs seek.

30.   WMMSC purchased 29,375 Option ARM loans secured by property in California that were originated between January 16, 2004 and the present. (Nagamatsu Decl. para. 4.)   The current, aggregate amount of accumulated negative amortization on these 29,375 loans is in excess of $905,817,603.72. (*Id.* para. 5.)  This amount is only a fraction of the aggregate accumulated negative amortization "in controversy," because it does not include accumulated negative amortization on the substantial number of these loans that ceased to be serviced by a WMMSC affiliate prior to July 1, 2008 (because, for example, the loans were paid off).   (*Id.* para. 6.)

31.   Furthermore, this amount does not include:  (1) Option ARM loans originated by BrooksAmerica that were not sold to WMMSC; (2) Option ARM

NOTICE OF REMOVAL

loans sold to or owned by WAAC; or (3) Option ARM loans sold to or owned by RFC.

32.    WMMSC's research also reveals that the Peels' principal balance has increased by $9,142.39 as a result of negative amortization.  (Nagamatsu Decl. para. 7.) Using this figure, the $5,000,000 jurisdictional threshold is met if just 547 (or 1.862 %) of the  29,375 Option ARMS loans held by WMMSC during the Putative Class Period have experienced negative amortization in this or a larger amount.

33.    Therefore, it is reasonable to conclude that, when aggregating the alleged negative amortization of all of the WMMSC loans during the Putative Class Period with all of the BrooksAmerica, WAAC, and RFC loans during the class period, the $5 million threshold is met by the negative amortization figure alone.

34.    As another category of damages, Plaintiffs also seek "lost equity" in their homes as result of the challenged conduct. (FAC paras. 1, 85, 103, 115.) Plaintiffs further allege that this amount alone is as much as "millions of dollars." (*Id*. para. 103.)  This amount must be added to the other categories of damages and relief Plaintiffs seek.

35.    Beyond the tens of millions of dollars Plaintiffs seek in damages for lost equity and negative amortization, they also seek punitive damages, as well as attorneys' fees.

36.    "Special" or "punitive" damages are treated as part of the amount in controversy for purposes of removal.  "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."  *Bell v. Preferred Life Assurance Soc'y*, 328 U.S. 238, 240 (1943). *See also Amezcua v. Cellco P'ship*, No. 08-cv-04390, 2009 WL 1190553, at *3 (N.D. Cal. May 3, 2009) (stating that claims for punitive damages are generally considered part of the amount in controversy,

provided that the underlying compensatory damages are not "speculative"); *Coren v. Mobil Entm 't, Inc.*, No. 08-cv-05264, 2009 WL 764883, at *2 (N.D. Cal. Mar. 19, 2009) (same). In light of Supreme Court precedent, and while WMMSC denies that punitive damages are recoverable in any amount, Plaintiffs' FAC puts them in controversy and it is reasonable to assume that Plaintiffs will seek to recover punitive damages at least equal to twice the amount of alleged actual damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (recognizing that the Court has upheld punitive damages awards up to four-times the amount of compensatory damages). Thus, just using the low end of the claim of actual damages of "millions of dollars" – $2,000,000 – Plaintiffs seek in lost equity, the jurisdictional threshold is met if Plaintiffs seek punitive damages of just $4,000,000. Moreover, if Plaintiffs seek punitive damages of $170.22 per putative class member for a class of 29,375 members, the jurisdictional amount is satisfied based on the punitive damages demand alone.

37. Plaintiffs also seek attorneys' fees. (FAC, *ad damnum* clause.) It is reasonable to conclude that, if successful in recovering the millions of dollars in damages sought in this lawsuit, Plaintiffs will seek attorneys' fees in an amount exceeding six figures. *See Fredercio v. Home Depot*, 507 F.3d 188 (3d Cir. 2007) (noting that attorneys' fees in class actions can exceed six figures). This amount also counts toward the jurisdictional threshold.

38. In light of the above, the amount in controversy in this case exceeds $5,000,000.[1]

---

[1] While WMMSC does not bear the burden of rebutting potential exceptions to CAFA jurisdiction, *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019, 1024 (9th Cir. 2007), no exception applies. Plaintiffs allege in their FAC that both the "home state exception," 28 U.S.C. § 1332(d)(4)(A), and the "local controversy exception," *id.* § 1332(d)(4)(B), apply here. However, the home state exception does not apply because three of the "primary defendants" – WMMSC, WAAC, and RFC – are not citizens of California. *Id.* § 1332(d)(4)(A); *Rader v. Teva Parental Meds., Inc.*, No. 2:10-CV-818 JCM (RJJ), 2010 WL 3463652, at *2 (D. Nev. Aug. 27, 2010) (explaining "primary

### III.   PROCEDURAL REQUIREMENTS AND LOCAL RULES.

### A.   Removal to Proper Court.

39.   This Court is part of the "district and division" embracing the place where this action was filed – Orange County, California. See 28 U.S.C. § 1446(a).

### B.   Removal is Timely.

40.   WMMSC is entitled to remove the Action at any time up to thirty days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief on which the action is based, or within thirty days after service of the summons, whichever is shorter. 28 U.S.C. § 1446(b).

---

defendants" means any defendant from whom relief is sought or who is a target of the lawsuit); *Corsino v. Perkins*, No. CV 09-09031 MMM (CWx), 2010 WL 317418, at *5 (C.D. Cal. Jan. 19, 2010) (same); *Grimmelmann v. Pulte Home Corp.*, No. CV-08-1878-PHX-FJM, 2009 WL 1211771, at *2 (D. Ariz. May 1, 2009) (same).  The local controversy exception does not apply because, during the three-year period preceding the filing of this Action, there have been other putative class actions filed against Defendants "asserting the same or similar factual allegations . . . on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(B); *Corsino*, 2010 WL 317418, at *4 (local controversy exception did not apply where similar suit was filed against one of the defendants); *Grimmelmann v. Pulte Home Corp.*, No. CV-08-1878-PHX-FJM, 2009 WL 1211771, at *2 (D. Ariz. May 1, 2009) ("local controversy" exception did not apply where another class action suit was pending against two of the defendants with similar allegations and overlapping classes).  Specifically, there are at least four other putative class actions similar to this Action that have been filed in the last three years.  *Amparan, et al. v. Plaza Home Mortg., Inc., et al.*, N.D. Cal. Case No. 07-cv-04498-JF (RSx) (WMMSC and WAAC); *Avila, et al. v. Stearns Lending, Inc., et al.*, C.D. Cal. Case No. CV 08-0419 AG (CTx) (RFC); *Baker, et al. v. Aegis Wholesale Corp., et al.*, N.D. Cal. Case No. CV 09-05280-PJH (RFC); *Peel v. BrooksAmerican Mortg. Corp.*, C.D. Cal. Case No. 8:08-cv-00049-JVS-MLG (BrooksAmerica).  Furthermore, the exception in 28 U.S.C. § 1332(d)(5)(B) does not apply because the number of putative class members is alleged to be in excess of 100 (28 U.S.C. § 1332(d)(5)(B); FAC para. 59), and the exception in 28 U.S.C. § 1332(d)(9) does not apply because this case does not involve a claim under the securities laws and does not relate to the internal affairs and governance of a corporation or other form of business enterprise. 28 U.S.C. § 1332(d)(9); *see generally* FAC.

9

41.    The FAC in the Action was filed on October 20, 2010, and served on WMMSC and WAAC on December 16, 2010 and served on RFC on December 15, 2010.  WMMSC, WAAC, and RFC were not previously parties to the Action.

42.    WMMSC is filing this Notice of Removal within thirty days of service of the FAC on the first-served defendant.  Therefore, removal is timely.

**C.    Pleadings and Process.**

43.    Attached hereto as Exhibit B is a copy of all process, pleadings, and orders filed in the Action. See 28 U.S.C. § 1446(a).

44.    WMMSC has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

**D.    Notice.**

45.    WMMSC shall serve a copy of this Notice of Removal on all parties to this action and shall promptly file a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of California, County of Orange.  *See* 28 U.S.C. §§ 1446(a), (d).

**E.    Consent to Removal.**

46.    Consent to removal is not required for removal under CAFA.  *See* 28 U.S.C. § 1453(b); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006).

**F.    Signature.**

47.    This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

48.    Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1453.

## IV.   REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE, IF NECESSARY.

49.   In the event that Plaintiffs file a request to remand, or the Court considers remand *sua sponte*, WMMSC respectfully requests the opportunity to submit additional argument or evidence in support of removal, including evidence as to the amount in controversy.

WHEREFORE, this action should proceed in the United States District Court for the Central District of California, as an action properly removed thereto.

Dated: January 14, 2011

Respectfully submitted,

By: _____
Shannon Z. Petersen
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Of Counsel:
Leann Pedersen Pope (*Pro Hac Vice* anticipated)
   lpope@burkelaw.com
Stephen R. Meinertzhagen (*Pro Hac Vice* anticipated)
   smeinertzhagen@burkelaw.com
Andrew D. Lemar (*Pro Hac Vice* anticipated)
   alemar@burkelaw.com
Burke, Warren, Mackay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611
Telephone:       (312) 840-7000
Facsimile:        (312) 840-7900

Attorney for Defendants
WASHINGTON MUTUAL MORTGAGE
SECURITIES CORPORATION and WAMU ASSET
ACCEPTANCE CORPORATION

# EXHIBIT A

A 12

| | |
|---|---|
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>ROBERT S. BEALL, Cal. Bar No. 132016<br>rbeall@sheppardmullin.com<br>SHANNON Z. PETERSEN, Cal. Bar No. 211426<br>spetersen@sheppardmullin.com<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, California 92626-1993<br>Telephone:   (714) 513-5100<br>Facsimile:   (714) 513-5130 | LEANN PEDERSEN POPE (*Pro Hac Vice* anticipated)<br>lpope@burkelaw.com<br>STEPHEN R. MEINERTZHAGEN (*Pro Hac Vice* anticipated)<br>vcollado@burkelaw.com<br>ANDREW D. LeMAR (*Pro Hac Vice* anticipated)<br>alemar@burkelaw.com<br>BURKE, WARREN, MACKAY & SERRITELLA, P.C.<br>330 North Wabash, 22nd Floor<br>Chicago, Illinois 60611<br>Telephone:   312-840-7000<br>Facsimile:   312-840-7900 |

Attorneys for Defendants
WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION and
WAMU ASSET ACCEPTANCE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY R. PEEL AND CHERYL G. PEEL, RUSS BEBOUT, MICHAEL SANFORD AND MARILYN SANFORD and DESIREE MCILRATH on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROOKSAMERICA MORTGAGE CORPORATION; WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION; WAMU ASSET ACCEPTANCE CORPORATION; RESIDENTIAL FUNDING COMPANY LLC,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF JEI H. NAGAMATSU IN SUPPORT OF WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION (CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(D))**<br><br>Removed from Orange County Superior Court Case No.: 30-2010-00348134<br><br>Judge: |

A 13

1    I, Jei H. Nagamatsu, declare as follows:

2    1.    I am an Assistant Vice President in the Legal and Compliance

3    Department for JPMorgan Chase Bank, N.A. ("Chase"), a national banking

4    subsidiary of JPMorgan Chase & Co.  Washington Mutual Mortgage Securities

5    Corporation ("WMMSC") and WaMu Asset Acceptance Corporation ("WAAC")

6    are subsidiaries of Chase.  I have been employed by Chase or one of its affiliated

7    and/or acquired companies in a similar capacity since 1996.  I have personal

8    knowledge of the facts set forth in this Declaration.  My knowledge is based in

9    part on my review of records maintained by Chase, WMMSC and WAAC in the

10   ordinary course of its business.  I am familiar with the computer systems used by

11   Chase and its subsidiaries to maintain information relating to the origination,

12   servicing and characteristics of mortgage loans purchased by WMSSC, and the

13   records reflected in those systems.  I could competently testify to all facts set

14   forth herein if called as a witness in this matter.  I make this declaration in

15   support of WMMSC's Notice of Removal in the above-captioned action.

16   2.    WMMSC is a Delaware corporation with its principal place of

17   business at 1301 Second Avenue, Seattle, Washington.

18   3.    WAAC is a Delaware corporation with its principal place of

19   business at 1301 Second Avenue, Seattle, Washington.

20   4.    WMMSC purchased 29,375 Option ARM loans secured by property

21   in California that were originated between January 16, 2004 and the present.

22   5.    The current, aggregate amount of accumulated negative amortization

23   on these 29,375 loans is in excess of $905,817,603.72.

24   6.    This amount does not include accumulated negative amortization on

25   the substantial number of these loans that ceased to be serviced by a WMMSC

26   affiliate prior to July 1, 2008 (because, for example, the loans were paid off).

27

28

A 14

1       7.    Timothy and Cheryl Peel (the "Peels") obtained a residential
2   mortgage from BrooksAmerica Mortgage Corporation on November 21, 2006
3   that was later sold to WMMSC (the "Peel Loan").

4       8.    As of the date of this declaration, the (a) principal balance of the
5   Peel Loan has increased by approximately $9,142.39 since its origination as a
6   result of negative amortization resulting from the Peels' election to make certain
7   minimum payments (as opposed to fully-amortizing or interest-only payments),
8   and (b) the accumulated negative amortization charged on the Peel Loan to date
9   is in excess of $16,079.78.

10

11   I declare under penalty of perjury under the laws of the United States that the
12   foregoing is true and correct. Executed in Seattle, Washington on January 13,
13   2011.

14

15                                     Jei H. Nagamatsu

16

17

18

19

20

21

22

23

24

25

26

27

28

A 15

# EXHIBIT B

b|6

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
J. Mark Moore (SBN 180473)
SPIRO MOSS LLP
11377 W. Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064
TELEPHONE NO: 310-235-2468     FAX NO: 310-235-2456
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 West Santa Ana Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex Center

**ELECTRONICALLY FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Feb 05 2010**

ALAN CARLSON, Clerk of the Court
by R. Vavra

CASE NAME:
PEEL v. BROOKSAMERICA MORTGAGE CORPORATION

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 30-2010-00348134<br>JUDGE THIERRY PATRICK COLAW<br>DEPT: DEPT. CX104 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[✓] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [✓] Large number of separately represented parties     d. [ ] Large number of witnesses
  b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [✓] Substantial amount of documentary evidence     f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary    b. [✓] nonmonetary; declaratory or injunctive relief    c. [✓] punitive
4. Number of causes of action (specify): Three (3)
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 5, 2010
J. Mark Moore
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) (*if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability (*not asbestos or
 toxic/environmental*) (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) (*not civil
 harassment*) (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract (*not unlawful detainer
   or wrongful eviction*)
 Contract/Warranty Breach–Seller
  Plaintiff (*not fraud or negligence*)
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage (*not provisionally
 complex*) (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property (*not eminent
  domain, landlord/tenant, or
  foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 (*arising from provisionally complex
 case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment (*non-
  domestic relations*)
 Sister State Judgment
 Administrative Agency Award
  (*not unpaid taxes*)
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
 above*) (42)
 Declaratory Relief Only
 Injunctive Relief Only (*non-
  harassment*)
 Mechanics Lien
 Other Commercial Complaint
  Case (*non-tort/non-complex*)
 Other Civil Complaint
  (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition (*not specified
 above*) (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

b18

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BROOKSAMERICA MORTGAGE CORPORATION, a California
Corporation; and DOES 1 through 200 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TIMOTHY R. PEEL AND CHERYL G. PEEL, on behalf of themselves
and others similarly situated

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|
| **ELECTRONICALLY FILED** SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE CIVIL COMPLEX CENTER **Feb 05 2010** ALAN CARLSON, Clerk of the Court by R. Vavra |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información e continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Orange County Superior Court | CASE NUMBER: *(Número del Caso):* 30-2010-00348134 |
|---|---|
| 751 West Santa Ana Blvd Santa Ana, CA 92701 | JUDGE THIERRY PATRICK COLAW DEPT. CX104 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
J. Mark Moore, 11377 W. Olympic Blvd., 5th Floor, Los Angeles, CA 90063, (310) 235-2468

| DATE: *(Fecha)* February 05, 2010 ALAN CARLSON | Clerk, by *(Secretario)* R. VAVRA | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov American LegalNet, Inc. |
|---|---|---|

B 19

$355.00
$550.00

**SPIRO MOSS LLP**
J. Mark Moore (SBN 180473)
mark@spiromoss.com
Ira Spiro (SBN 67641)
ira@spiromoss.com
11377 W. Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Phone: (310) 235-2468
Fax:     (310) 235-2456

**ARBOGAST & BERNS LLP**
David M. Arbogast (SBN 167571)
darbogast@law111.com
Jeffrey K. Berns (SBN 131351)
jberns@law111.com
6303 Owensmouth Ave., 10th Floor
Woodland Hills, CA 91367-2263
Phone: (818) 961-2000
Fax:     (818) 936-0232

Attorneys for Plaintiffs and all others similarly situated.

ELECTRONICALLY
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER
**Feb  05 2010**
ALAN CARLSON, Clerk of the Court
by R. Vavra

*(left margin, rotated)* THIS CASE IS SUBJECT TO MANDATORY ELECTRONIC FILING PURSUANT TO RULE 308 OF THE LOCAL RULES OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| TIMOTHY R. PEEL AND CHERYL G. PEEL, on behalf of themselves and others similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>BROOKSAMERICA MORTGAGE CORPORATION, a California Corporation; and DOES 1 through 200 inclusive,<br><br>            Defendants. | CASE NO. 30-2010-00348134<br>**JUDGE THIERRY PATRICK COLAW**<br>**DEPT. CX104**<br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1)  Fraudulent Omissions;**<br><br>**(2)  Violation of Bus. & Prof. Code §17200,** *et seq.* **– "Unlawful," "Unfair" and "Fraudulent" Business Practices; and**<br><br>**(3)  Breach of Contract.**<br><br>**JURY TRIAL DEMANDED** |

1  Plaintiffs, TIMOTHY R. PEEL AND CHERYL G. PEEL ("Plaintiffs"), individually, and on

2  behalf of all others similarly situated, allege as follows:

3

4  **I.**

5  **INTRODUCTION**

6  1.     This is an action pursuant to California's Unfair Competition Law (the "UCL"), Bus. &

7  Prof. Code §§ 17200, *et seq.*, and other California statutory and common law. Plaintiffs, individually,

8  and on behalf of all others similarly situated, bring this action against BROOKS AMERICA

9  MORTGAGE CORPORATION ("BROOKS AMERICA"); and DOES 1 through 200 (collectively

10  "Defendants"), based upon Defendants' non-disclosure and fraudulent concealment of material

11  information relating to Defendants' Option Adjustable Rate Mortgage ("Option ARM") loan documents,

12  and in the accompanying required disclosure statements. The material facts that Defendants failed to

13  disclose included:

14  •       the loans were designed to cause negative amortization to occur;

15  •       the monthly payment amounts listed in the loan documents for the first two to five years

16          of the loans were based entirely upon a low "teaser" interest rate (though *not* disclosed as

17          such by Defendants) which existed for only a single month and which was substantially

18          lower than the actual interest rate that would be charged, such that these payment

19          amounts would never be sufficient to pay the interest due each month; and

20  •       when Plaintiff and Class Members followed the contractual payment schedule in the loan

21          documents, negative amortization was *certain* to occur, resulting in a significant loss of

22          equity in borrowers' homes, and making it much more difficult for borrowers to refinance

23          the loans[1]; thus, as each month passed, the homeowners would actually owe more money

24          than they did at the outset of the loan, with less time to repay it.

25  In other words, the loans at issue were guaranteed and intended to result in the loss of the borrowers'

26  equity through negative amortization. Far from being merely a "possibility," as was deceptively

27  _____

28  [1]  If borrowers attempted to refinance in the first 1-3 years of the loans, they would be required to pay
another set of closing costs and would have to pay a substantial prepayment penalty.

1   represented, negative amortization was absolutely guaranteed to occur if Plaintiffs and Class Members

2   adhered to the sole contractual payment schedule presented to them before entering into the loans. The

3   Notes referenced potential, unquantified "options" that borrowers *might* be provided with after closing,

4   and, in fact, to the extent such options or alternative payment schedules were actually provided to some

5   borrowers, they were not provided until *after* the loans closed. By that time, borrowers were, as

6   Defendants intended, effectively trapped in the equity-sucking loans due to draconian prepayment

7   penalties in the tens of thousands of dollars. (Hereinafter, shall the omitted facts referenced above shall

8   be referred to as "The Material Omissions"). All of Defendants' unfair, deceptive and wrongful conduct

9   in this case arises directly from the Option Arm Loan documents themselves, and, more specifically,

10   from the material omissions and deceptive partial representations contained in those documents.

11

12 **II.**

13 **THE PARTIES**

14     2.     Plaintiffs TIMOTHY R. PEEL AND CHERYL G. PEEL, are, and at all times relevant to

15   this Complaint were, California citizens residing in Lancaster, California. On or about November 21,

16   2006, Mr. and Mrs. Peel refinanced their existing home loan and entered into an Option ARM loan

17   agreement with Defendant BROOKS AMERICA. The Option ARM loan was secured by Plaintiffs'

18   residence. Attached hereto as Exhibit 1 is a true and correct copy of the Note and Truth and Lending

19   Disclosure Statement ("TILDS") (collectively the "Loan Documents") pertinent to this action.

20     3.     Defendant BROOKS AMERICA, is a California corporation licensed to do, and doing,

21   business in California, with its principal place of business located at 2 Ada, Suite 100, Irvine California.

22   At all relevant times hereto Defendant was engaged in the business of originating and selling the Option

23   ARM loans that are the subject of this Complaint. Defendant transacts business in Orange County,

24   California and at all relevant times originated and sold Option ARM loans throughout the United States,

25   including Orange County, California. Defendant has significant contacts with Orange County,

26   California, and the activities complained of herein occurred, in whole or in part, in Orange County,

27   California.

28

2

CLASS ACTION COMPLAINT

4.      From its headquarters in Irvine, California, Defendant BROOKS AMERICA created, approved and sold the Option ARM loans that are the subject of this complaint. Defendant sold a significant number of the subject Option ARM loans to California residents. Plaintiffs are informed and believe and thereon allege that Defendant's employees and/or agents responsible for the creation, approval and sale of the subject Option ARM loans are located in California and/or that the decisions concerning approval of the loan forms and/or approval of the Plaintiffs' and the Class Members' loans were authorized and/or approved by Defendant's corporate officers, executives and employees located in California.

5.      At all times mentioned herein, Defendants BROOKS AMERICA, and DOES 1 through 200 ("Defendants") were engaged in the business of originating, selling, servicing, and/or owning, and/or are or were the assignees of, the Option ARM loans that are the subject of this Complaint, throughout the State of California, including in Orange County, California.

6.      Plaintiffs are informed, believe, and thereon allege, that each of the Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, joint venture principles, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiffs' injuries, as herein alleged, were proximately caused by the conduct of Defendants.

7.      Plaintiffs are informed, believe, and thereon allege, that at all times material hereto and mentioned herein, each of the Defendants sued herein was the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, assignment, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining defendant.

8.      Plaintiffs are informed, believe, and thereon allege, that at all times herein mentioned, each defendant was acting in concert or participation with each other, or was a joint participant and collaborator with the others in the acts complained of, and/or was the agent or employee of the others in doing the acts complained of herein, each and all of them acting within the course and scope of said agency and/or employment by the others, each and all of them acting in concert one with the other and

1  all together. Each defendant was the co-conspirator, agent, servant, employee, assignee and/or joint
2  venturer of each of the other defendants and was acting within the course and scope of said conspiracy,
3  agency, employment, assignment and/or joint venture and with the permission and consent of each of the
4  other defendants.

5       9.      Plaintiffs are informed, believe, and thereon allege, that DOES 1 through 200, inclusive,
6  are securitized trusts, equity funds, collateralized debt obligations (CDO), CDO underwriters, CDO
7  trustees, hedge funds or other entities that acted as additional lenders, loan originators and/or are
8  assignees to the loans which are the subject of this action. Plaintiffs will seek leave of Court to replace
9  the fictitious names of these entities with their true names when they are discovered.

10      10.     The true names and capacities, whether individual, corporate, associate or otherwise, of
11  defendants DOES 1 through 200, inclusive, and each of them, are unknown to Plaintiffs at this time, and
12  Plaintiffs therefore sue said Defendants by such fictitious names. Plaintiffs allege, on information and
13  belief, that each Doe defendant is responsible for the actions herein alleged. Plaintiffs will seek leave of
14  Court to amend this Complaint when the names of said DOE defendants have been ascertained.

15
16                                          III.
17                            **JURISDICTION AND VENUE**

18      11.     This Court has jurisdiction over this matter pursuant to the California Constitution,
19  Article XI, Section 10 and California Code of Civil Procedure ("CCP") §410.10 because Defendants
20  transacted business and committed the acts complained of herein in California. The allegations are
21  sufficient to sustain the causes of action without resort to federal law. More than two-thirds of the Class
22  Members are citizens of California, own property in California which is or was financed and/or secured
23  by the Option ARM loans at issue, all Defendants are located in California, and BROOKS AMERICA
24  has its principal place of business in and is headquartered in California; thus, this case is not subject to
25  removal under the Class Action Fairness Act of 2005 under both the "home state exception" and the
26  "local controversy exception." 28 U.S.C. §1332(d)(4)(A) (home state exception); 28 U.S.C. §1332
27  (d)(4)(B) (local controversy exception).

28

---

4
CLASS ACTION COMPLAINT